UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:22-cv-07300-GW-MAA                                      Date:  December 9, 2022

Title:   Michael Robbie Kendall v. Brian K. Birkholtz

Present:   The Honorable MARIA A. AUDERO, United States Magistrate Judge

| Narissa Estrada | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):**          Order re: Filing of Petition

     On October 4, 2022, Petitioner Michael Robbie Kendall ("Petitioner"), a federal inmate currently incarcerated at United States Penitentiary Lompoc, constructively filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Section 2241") ("Petition").  (Pet., ECF No. 1.)

     The Court *sua sponte* examines whether this United States District Court for the Central District of California has jurisdiction to entertain the Petition.  For the reasons discussed below, the Court directs Petitioner to explain why the Petition should not be characterized as a motion pursuant to 28 U.S.C. § 2255 ("Section 2255") and dismissed as an uncertified second or successive Section 2255 motion.

     Petitioner challenges the conviction for Use of a Firearm in Relation to a Crime of Violence which Caused Death (18 U.S.C. § 924(j)(1)) ("Section 924(j)(1)"; "924(j)(1) Conviction") he sustained in August 2000 after pleading guilty to that count and one count of First Degree Murder (18 U.S.C. § 1111) in the United States District Court for the Northern District of Mississippi.  (Pet. 2[1].); *see also* J. in a Criminal Case, *United States v. Kendall*, No. 3:99-cr-00203-NBB (N.D. Miss. Aug. 16, 2020), ECF No. 41.[2]  The Petition alleges one ground for relief:  that Petitioner is actually

---

[1] Pinpoint citations in this Order refer to the page numbers appearing in the CM/ECF-generated headers of the cited documents.

[2] The Court takes judicial notice of Petitioner's prior proceedings in the United States District Court for the Northern District of Mississippi and in the Fifth Circuit Court of Appeals.  *See* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:22-cv-07300-GW-MAA                                    Date:  December 9, 2022

Title:     Michael Robbie Kendall v. Brian K. Birkholtz

innocent of his Section 924(j)(1) Conviction because the intervening case of *Borden v. United States*, 141 S. Ct. 1817 (2021) ("*Borden*"), renders the underlying first degree murder offense to which he pleaded guilty no longer a predicate crime for his Section 924(j)(1) Conviction.

Before initiating the Petition, Petitioner filed at least one motion[3] pursuant to Section 2255. (*See id*. at 5–6.); *see also* Order, *United States v. Kendall*, No. 3:99-cr-00203-NBB (N.D. Miss. Aug. 30, 2018), ECF No. 59 (denying Petitioner's Section 2255 motion on the merits).  On July 11, 2019, Petitioner was granted a certificate of appealability ("COA") by the Fifth Circuit Court of Appeals as to certain issues raised in his COA motion.  *See* Order, *United States v. Kendall*, No. 18-60661 (5th Cir. July 11, 2019), Doc No. 00515029663.  On February 11, 2021, the Fifth Circuit Court of Appeals affirmed the denial of Petitioner's Section 2255 motion.  *See United States v. Kendall*, 835 F. App'x 796 (5th Cir. 2021).

"[I]n order to determine whether jurisdiction is proper, a court must first determine whether a habeas petition is filed pursuant to [28 U.S.C. § 2241] or [28 U.S.C. § 2255] before proceeding to any other issue."  *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000).  "Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."  *Id.* at 864-65.  Section 2255 generally "provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000).  But a federal inmate is limited to one Section 2255 motion unless he obtains a certificate from a United States Court of Appeals authorizing him to bring a second or successive motion.  *See* 28 U.S.C. § 2255(h).

---

questioned."); *Harris v. Cty. of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012) (court may take judicial notice of "documents on file in federal or state courts").

[3] Petitioner indicates he filed a second motion pursuant to Section 2255 in the Unites States District Court for the Northern District of Georgia, which was denied, but does not provide the case citation or number of any written orders entered pursuant to the motion.  (Pet. 6.)  The Court is unable to find this second Section 2255 motion with the limited information provided by Petitioner and will not consider it for purposes of this Order.  In any event, the Court notes that the second Section 2255 motion and its outcome are not relevant to the question before the Court at this time.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:22-cv-07300-GW-MAA                                                  Date:  December 9, 2022

Title:    Michael Robbie Kendall v. Brian K. Birkholtz

Although "restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241," in limited circumstances an inmate who already has brought a Section 2255 motion may challenge the legality of detention by means of a Section 2241 action. *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006).  Pursuant to Section 2255(e), often referred to as the "escape hatch" or "savings clause," a petitioner may challenge the legality of his sentence in a Section 2241 petition in the custodial court if "his remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'"  *Hernandez*, 204 F.3d at 865 (quoting 28 U.S.C. § 2255(e)); *see also Lorentsen*, 223 F.3d at 953 (referring to Section 2255(e) as an "escape hatch").

A petitioner may utilize the savings clause only if (1) the petition presents a claim of actual innocence, and (2) the petitioner has not had an unobstructed procedural shot at presenting that claim.  *See Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012).  "To establish actual innocence for the purposes of habeas relief, a petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011) (citation and quotation marks omitted).  An individual who "was convicted for conduct not prohibited by law" is actually innocent.  *Id.*  In considering whether the petitioner had an unobstructed procedural shot at presenting his claim, courts consider "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion."  *Id.* (citation and quotation marks omitted).

Here, the Petition challenges the legality of Petitioner's conviction and sentence, not the manner, location, or conditions of the execution of the sentence.  (*See* Pet. 2.)  Thus, unless the savings clause applies, the Petition should be construed as a Section 2255 motion, not as a Section 2241 petition.  *See Harrison v. Ollison*, 519 F.3d 952, 961-62 (9th Cir. 2008) (characterizing a Section 2241 petition not "brought pursuant to the escape hatch" as a "disguised" Section 2255 motion).

The allegations in the Petition do not meet the savings clause requirements for two reasons.  <u>First</u>, Petitioner does not assert a valid claim of actual innocence.  Petitioner contends he is actually innocent of his 924(j)(1) Conviction because "[a]fter Borden[,]" a crime of violence requires that the person committing the crime direct, target, or use force against another individual—that is, that such force may not be the result of recklessness.  (Pet. 4.)  Petitioner's argument follows that, because first degree murder can be committed accidentally or recklessly, it cannot be considered as the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:22-cv-07300-GW-MAA                                                              Date:  December 9, 2022

Title:     Michael Robbie Kendall v. Brian K. Birkholtz

predicate crime for the enhanced penalties under Section 924(j)(1), rendering Section 924(j)(1) "no longer applicable." (*Id*.)  The Court disagrees for multiple reasons.

As a starting point, *Borden* is inapposite.  *Borden* involves the interpretation of the Armed Career Criminal Act (18 U.S.C. § 924(e)) ("ACCA"), under which a person found guilty of illegally possessing a gun, and who has three or more prior convictions for a "violent felony" or a serious drug offense is subject to a mandatory fifteen-year minimum sentence.  *Borden*, 141 S. Ct. at 1821.  Under ACCA, a "violent felony" is defined as a crime that, among other things, "has as an element the use, attempted use, or threatened use of physical force against the person or another."  28 U.S.C. § 924(e)(2)(B)(i).  In evaluating whether the crime of "reckless aggravated assault" fell within ACCA's "elements clause" definition of "violent felony," the Court held that a criminal offense requiring a mens rea of only recklessness does not qualify as a "violent felony" toward the imposition of the fifteen-year minimum sentence mandated by ACCA.  *Borden*, 141 S. Ct. at 1825.  But *Borden* does not help Petitioner here because his conviction is based on Section 924(j)(1), not ACCA.  Under Section 924(j)(1), a person who causes the death of another person in the course of a "crime of violence" is subject to a mandatory death or life sentence if the killing is a murder under 18 U.S.C. § 1111.  18 U.S.C. § 924(j)(1).  "Crime of violence" for purposes of Section 924(j)(1) is defined as a crime that, among other things, "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."  28 U.S.C. § 922(c)(3).  Thus, with the exception of the addition of "property of another" as a target of the crime, the definition of "crime of violence" under Section 924(j)(1) mirrors the definition of "violent felony" under ACCA.  Despite this similarity, there is no indication in *Borden*—or in any other authority—that the *Borden* court intended to extend its holding to any other section of 18 U.S.C. § 924, as Petitioner does here.  *See generally Borden*.

Next, Petitioner offers no support for his argument that first degree murder under 18 U.S.C. § 1111 is a crime that can be committed, as he baldly contends, "accidentally" or "in a reckless manner."  (Pet. 3, 4.)  To the contrary, by definition under 18 U.S.C. § 1111(a), first degree murder requires a mens rea of a higher order of culpability than recklessness—or accidentality for that matter.  Specifically, 18 U.S.C. § 1111(a) describes the mens rea required for murder as follows:

> Murder is the unlawful killing of a human being with malice aforethought. Every murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing; or committed in the perpetration of, or attempt to perpetrate, any arson, escape, murder,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:22-cv-07300-GW-MAA                                    Date:  December 9, 2022

Title:    Michael Robbie Kendall v. Brian K. Birkholtz

kidnapping, treason, espionage, sabotage, aggravated sexual abuse or sexual abuse, child abuse, burglary, or robbery; or perpetrated as part of a pattern or practice of assault or torture against a child or children; or perpetrated from a premediated design unlawfully and maliciously to effect the death of any human being other than him who is killed, is murder in the first degree.

Any other murder is murder in the second degree.

18 U.S.C. § 1111(a); *see also Borden*, 141 S. Ct. at 1823 (explaining that four states of mind give rise to criminal liability, and describing them "in descending order of culpability [as] purpose, knowledge, recklessness, and negligence.")  Thus, Petitioner's reliance on *Borden* for the proposition that first degree murder—the underlying crime to which he pleaded guilty and of which he was convicted—is not a "crime of violence" under Section 924(j)(1) is wholly misplaced.

Finally, even if *Borden* were interpreted as Petitioner suggests, his argument still fails because he offers no evidence that he actually lacked the requisite state of mind for his Section 924(j)(1) Conviction.  (*See generally* Pet.)   Rather, he argues the legal hypothesis that first degree murder *could be* committed accidentally or recklessly—that is, without the requisite mens rea for a crime of violence under Section 924(j)(1).  (Pet. 3–4.)  But such a hypothesis is not only inconsistent with the statutory definition of first degree murder, as detailed above, but also irrelevant to the question of Petitioner's actual innocence claim.  *See Marrero*, 682 F.3d at 1193 ("[A] purely legal claim that has nothing to do with factual innocence . . . is not a cognizable claim of 'actual innocence' for the purposes of qualifying to bring a § 2241 petition under the escape hatch.").  As such, Petitioner provides no evidence, as he must, from which the Court can conclude that "it is more likely than not that no reasonable juror would have convicted him" under Section 924(j)(1).  *Allen v. Ives*, 950 F.3d 1184, 1188 (9th Cir. 2020) (quoting *Bousley v. United States*, 523 U.S. 614, 623)).

*Second*, even if Petitioner had presented a valid claim of actual innocence, he has not demonstrated that he lacked an unobstructed procedural shot at presenting that claim.  "If an intervening court decision after a prisoner's direct appeal and first § 2255 motion 'effect[s] a material change in the applicable law[,]' then the prisoner did not have an unobstructed procedural shot to present his claim."  *Allen*, 950 F.3d at 1190 (quoting *Alaimalo*, 645 F.3d at 1047–48).   Here, as noted above, Petitioner bases his claim of actual innocence on *Borden*.  (Pet. 3–4.)  While it is true that *Borden* did not arise until after Petitioner exhausted his direct appeal and Section 2255

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:22-cv-07300-GW-MAA                                         Date:  December 9, 2022

Title:   Michael Robbie Kendall v. Brian K. Birkholtz

motion, *Borden* did not change the law "in any way relevant to [P]etitioner's claim after that first [Section] 2255 motion" and did not effect "a material change in the applicable law" to Petitioner's 924(j)(1) Conviction.  *Allen*, 950 F.3d at 1190.   In any event, the Court need not decide whether Petitioner lacked an unobstructed procedural shot because, as set forth above, Petitioner's claim does not satisfy the requisite showing of actual innocence.

In sum, the Petition does not show that the savings clause is applicable to this action.  Thus, unless Petitioner can demonstrate in a written response to this Order that his action may be brought pursuant to the savings clause, the Petition must proceed pursuant to Section 2255.

However, Petitioner previously filed a Section 2255 motion regarding the conviction and sentence challenged in the instant Petition.  (*See* Pet. 5–6); *see also* Order, *United States v. Kendall*, No. 3:99-cr-00203-NBB (N.D. Miss. Aug. 30, 2018), ECF No. 59 (denying Petitioner's Section 2255 motion on the merits).  Petitioner does not indicate that he has obtained an order from the Ninth Circuit authorizing him to file a second or successive Section 2255 motion.  Should the Court construe the Petition as a motion pursuant to Section 2255, dismissal would be appropriate considering Petitioner's previous Section 2255 motion.  *See United States v. Lopez*, 577 F.3d 1053, 1061 (9th Cir. 2009) ("If the petitioner does not first obtain our authorization, the district court lacks jurisdiction to consider the second or successive application." (citing *Burton v. Stewart*, 549 U.S. 147, 152-53 (2007))).

Accordingly, Petitioner is **ORDERED TO SHOW CAUSE** why the Court should not recommend characterization of the Petition as a motion made pursuant to Section 2255, and dismissal of the action as an unauthorized second or successive Section 2255 motion.  Petitioner shall file a written response addressing the Court's concerns **no later than thirty (30) days** after the date of this Order.  Alternatively, Petitioner may voluntarily dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1).  The Clerk is directed to attach Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)) to this Order to Show Cause.

**Petitioner is expressly cautioned that failure to respond to this Order to Show Cause within thirty (30) days after this Order may result in a recommendation that the Petition be summarily dismissed without prejudice for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b), and for lack of jurisdiction**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:22-cv-07300-GW-MAA                                                   Date:  December 9, 2022

Title:   Michael Robbie Kendall v. Brian K. Birkholtz

**pursuant to 28 U.S.C. § 2255(h) and Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Courts.**

   This Order is non-dispositive.  However, if Petitioner believes this Order erroneously disposes of any of his claims or precludes any relief sought, he may file objections with the District Judge within twenty (20) days after the date of the order.  *See Bastidas v. Chappell*, 791 F.3d 1155, 1162 (9th Cir. 2015); Fed. R. Civ. P. 72.

It is so ordered.


Attachment
Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)).